452 A.2d 249

In re ESTATE OF Solomon ROSENBLOOM, Deceased.

**Appeal of Eve Stern STUART.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.
Filed Oct. 22, 1982.

Edward J. Greene, Pittsburgh, for appellant.

W. Rodger Moore, Pittsburgh, for appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Where part of a dividend which has been paid by a personal holding company is identified as having been derived from short-term capital gains, is that part of the dividend allocable to principal or income for purposes of trust accounting and distribution? The Orphans' Court of Allegheny County held that it was allocable to principal. We affirm.

Solomon Rosenbloom died November 16, 1925. He had three children: Estelle R. Weinstock, who has three children; Charles J. Rosenbloom, who died April 1, 1973 without children; and Arthur M. Rosenbloom, who died July 21, 1979 survived by one child, Eve Stern Stuart. Mrs. Stuart has no children.

Solomon Rosenbloom, by his last will, bequeathed his residuary estate to the trustees of a trust established by Article VII of his will. By the terms of this will, the income from the residuary trust "shall be paid in equal shares" to the living children of Solomon Rosenbloom "and to the issue of any deceased child or children, such issue to take the share of income which the deceased parent . . . would have taken if living." There is no provision authorizing the trustee to invade the principal. Mellon Bank is the sole surviving trustee. The trust principal includes municipal bonds and short-term investments valued at approximately $1,300,000.00, and shares of the Rosenbloom Securities Corporation valued at $2,426,847.75.

Rosenbloom Securities Corporation is a personal holding company under Section 542 of the Internal Revenue Code. At a meeting of the directors of this corporation on December 19, 1979, the secretary reported that the corporation's accountants had estimated the corporation would have in-

come of $443,000.00 for the year ending December 31, 1979. This income consisted of dividends of $321,000.00, interest of $46,000.00 and short-term capital gains of approximately $76,000.00. (The actual amount of short-term capital gains was $74,410.88. Of this sum, $33,016.54 represented short-term gains from the sale of options and $41,394.34 represented short-term gains from the sale of securities.) The accountants estimated expenses at $65,000.00, leaving a net income of approximately $380,000.00. The minutes of the corporation disclose that the directors of the Rosenbloom Securities Corporation considered the distribution of short-term capital gains as corporate dividends, for they were concerned lest these short-term capital gains be determined to be income under Internal Revenue Code Section 543. Ultimately, on May 7, 1980, the directors adopted the following resolution:

"RESOLVED, that a dividend of approximately $145 a share if short term capital gains are included as personal holding company income or $96 a share if such gains are not so included be paid to shareholders of record on December 19, 1979, the actual amount of the dividend and the payment date thereof to be determined by the President of the Corporation.

"FURTHER RESOLVED, that the President be authorized to take such action as he may deem necessary or desirable to effectuate the intent of this resolution."

By a letter dated January 3, 1980, the president of Rosenbloom Securities Corporation stated that the dividend of $146.50, which was payable December 31, contained approximately $51.33 of short-term capital gains and profits on the sale of stocks and options for securities owned by the corporation, and that the corporation had to pay out the short-term capital gains in order not to be subject to personal holding company penalty tax.

The trustee, upon receipt of the dividend in the amount of $98,887.50 ($146.50 per share on 675 shares), allocated $37,125.00 to the trust principal ($55.00 per share) and the balance to income which was subsequently distributed to the

beneficiaries.[1]   This allocation to principal of $55.00 per share was based on a letter from the accountants for Rosenbloom Securities Corporation dated January 29, 1980 indicating their estimate that the short-term gains of the corporation for the year 1979 would not exceed $55.00 per share.

Objection to this allocation was made to Mellon Bank, Trustee, by Eve Stern Stuart, an income beneficiary.   Her position was and is that the entire distribution constituted income in the hands of the trustee and should be distributed to the income beneficiaries.

At the hearing in the court below the parties stipulated that the short-term capital gains of Rosenbloom Securities Corporation for the calendar year 1979 were $74,411.   Of the total dividend of $146.50 per share of Rosenbloom Securities Corporation paid for the fourth quarter of 1979, $49.61 per share ($74,411 divided by 1,500 shares outstanding on December 31, 1979), was attributable to the short-term capital gains of Rosenbloom Securities Corporation.

The appellant income beneficiary emphasizes that Rosenbloom Securities Corporation is an investment business whose profits are derived both from income and capital gains.   It is argued, therefore, that dividends paid by the corporation, even though derived from capital gains, should be treated as income under Section 8105(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 8105(a).   The appellee contends, however, that allocation must be determined from the source of the distribution, i.e., whether, in substance, the dividend is derived from income or is an enhancement in the value of the principal invested.   Because the corporation designated a part of the dividend as having been derived from capital, appellee argues that that part must be allocated to principal under the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 8105(c).

Section 8105(a) of the Code provides in pertinent part as follows:

1. There is no dispute about the allocation of the balance of the dividend to income.

" . . . Except as provided . . . in other subsections of this section all dividends payable otherwise than in shares of the distributing corporation, including ordinary and extraordinary cash dividends . . . shall be deemed income . . . . "

However, Section 8105(c) provides:

" . . . All disbursements of corporate assets to the stockholders, whenever made, which are designated by the corporation as a return of capital or division of corporate property, shall be deemed principal . . . . "

Rosenbloom Securities Corporation is a personal holding corporation, incorporated under laws of the State of Delaware, and is engaged in the business of buying, holding and selling securities. With respect to the business in which it is engaged, it is similar to an investment company.

In *Brock Estate,* 420 Pa. 454, 218 A.2d 281 (1966), an open end investment company (commonly called a mutual fund), whose business was to buy, hold and sell corporate stocks and securities, had made a quarterly distribution of 7 cents per share from ordinary net income and 8 cents per share payable from realized capital gains. The trustees of the Brock residuary estate had allocated the entire distribution to income. The court sustained objections and decreed that the distribution from "realized capital gains" should be allocated to principal. The Supreme Court affirmed, holding that Section 5(3) of the Principal and Income Act of 1947 (now Section 8105(3) of the Probate, Estates and Fiduciaries Act) commanded that profit from capital gains be allocated to principal.

This decision is determinative of the instant appeal. Although we agree with appellant that for other purposes there are distinctions between investment companies and personal holding companies,[2] those distinctions do not warrant our disregarding the precedent set by the Supreme Court in *Brock Estate, supra.* There, as here, the issue was

2. Regarding the distinction between a holding company and an investment company, See: *Aldred Investment Trust v. Securities and Exchange Commission,* 151 F.2d 254, 260 (1st Cir.), *cert. denied,* 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483 (1945).

the allocation of that portion of a dividend which had been designated as a return of capital by a corporation engaged in the business of buying, holding and selling corporate stocks and other securities. We perceive no substantive reason for distinguishing the holding of that case and refusing to apply Section 8105(c) of the Probate, Estate and Fiduciaries Act to the facts of the instant matter. Rather, we agree with the court below that where, as here, a personal holding company "in fact realizes capital gains and makes a distribution thereof, in whole or in part, to its stockholders, clearly informing them that a specified amount of such distribution is a payment from realized capital gains, or some equivalent expression indicating that the corporation is making a return of capital, such disbursement must be deemed principal for fiduciary accounting and distribution purposes."

Appellant argues that by refusing to allocate to income the dividend declared by the corporation we are (1) attributing to the holding company a violation of Delaware law which requires that dividends be declared from surplus and (2) improperly piercing the corporate veil by refusing to recognize the corporation as an entity separate and apart from the trust. There is no merit in these arguments.

The issue in this appeal concerns the allocation by a Pennsylvania trust of dividends declared by a personal holding company. This must be determined according to Pennsylvania law. The legislature in Pennsylvania has determined that for purposes of trust allocation a dividend designated by the corporation as a return of capital or division of corporate property shall be deemed principal. The legislative directive is controlling, not the law of Delaware which governs the source of the assets used to pay dividends. In so holding, we do not intend to suggest that a personal holding company's declaration of a dividend under the circumstances of this case is a violation of the Delaware proscription against paying dividends from sources other than surplus. That is an issue which is not before us, and with respect thereto we express no opinion.

It is also clear that a trust allocation of dividends in accord with *Brock Estate, supra,* and Section 8105(c) of the Probate, Estate and Fiduciaries Code did not "pierce the corporate veil" or disregard the separate identity of Rosenbloom Securities Corporation. Indeed, the allocation made by the court below acknowledged the existence of a separate corporate identity and merely sought to determine the allocation of dividends which it had made.

We recognize that whether to allocate to principal or income under the circumstances of this case is controversial and that there are substantial arguments for allocating to income all profits derived by an investment company, whether derived from income or capital gains. In view of the decision in *Brock Estate, supra,* which we deem controlling, those arguments might better be directed to the legislature. It can determine clearly, by appropriate statutory amendment, whether dividends declared by an investment business, which derives profits from both income and capital gains, should be allocated to income for purposes of trust accounting and distribution.

Judgment affirmed.